Owen McGivern, J.
This is a motion to have a purported election held on September 11, 1959 declared to be illegal and irregular and of no force and effect, and that same be set aside, and that the offices of directors and officers of the corporation be declared to be vacated, and that any and all persons claiming to have been elected directors or officers of said corporation, at such purported or pretended election, be directed to cease to act as, or to claim to be, such officers or directors of such corporation, and that the officers and directors of the corporation be directed to cease to act or claim to be such, and that a new election be held.
The petitioner does not state under what provision of the law this application is made.
If petitioner is attempting to remove all the officers elected prior to the meeting in question, he is not proceeding in accordance with sections 60 and 136 of the General Corporation Law.
*656 The motion will be considered under section 25 of the General Corporation Law, and will be limited solely to the question of the meeting of September 11, 1959.
It is undisputed that at such alleged meeting, one director and two officers were elected to fill the unexpired term of a deceased director and officer.
It is clear, and it has not been otherwise shown by substantial proof, that prior to June 9, 1959, the board of directors was composed of Morris Jacobs, David B. Ostow and Sidney Hoffman. On June 9,1959, Jacobs died and an executor of his estate was appointed on August 3, 1959.
From a reading of all the papers submitted hereon, the remaining two directors were within their right under the by-laws to call a special election for the purpose of electing a temporary director and two temporary officers to fill vacancies until the next annual election. Under the circumstances that there were only two directors, and since the two directors constituted a quorum, notice and other ordinary requirements could be dispensed with.
The annual meeting of stockholders is set for the first Friday of November in each year.
Since the petitioner has not shown that he is aggrieved and since the annual meeting is scheduled, the petitioner is not without recourse at such meeting.
The application is accordingly denied and the petition is dismissed.